# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 22, 2026

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

|  |  |  |
|---|---|---|
| **JEFFERY LYNN BUSSEY, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:26CV00536 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHADWICK DOTSON,** | ) | Judge James P. Jones |
| | ) | |
| Respondent. | ) | |

*Jeffery Lynn Bussey, Jr., Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a document titled "Motion to be Released," which has been docketed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Bussey is currently serving sentences for larceny and drug possession.  He seeks immediate release, claiming that his sentence has been improperly calculated.  Upon review, I conclude that the petition must be summarily dismissed without prejudice because Bussey has not exhausted his state court remedies.[1]

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court.  28 U.S.C.

---

[1]  Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it appears from the petitioner's submissions that he is not entitled to relief.

§ 2254(b)(1)(A).   The petitioner bears the burden of proof to show that he has exhausted state court remedies.  *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  A habeas petitioner in Virginia must "present the same factual and legal claims raised in his § 2254 petition to the [Supreme Court of Virginia] either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition."  *Kent v. Kuplinski*, 702 F. App'x 167, 169 (4th Cir. 2017) (unpublished) (citing *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling before a federal district court can grant relief under § 2254.

Bussey filed a prior habeas petition in this court, which was dismissed without prejudice for his failure to exhaust available state court remedies.  *Bussey v. Kilgore*, No. 7:26cv00190, 2026 WL 801404, at *2 (W.D. Va. Mar. 23, 2026).  He was told that he could refile a petition under § 2254 if he exhausted his state court remedies. *Id.*  at *1.  In the present petition, Bussey says that he filed a habeas petition in a state trial court.  Indeed, online records reveal that he has filed two petitions, numbered CL26000348-00 and CL26000387-00, in the Circuit Court for the City of

Bristol, Virginia. But these records show that both cases are pending. Nor does Bussey allege that he presented his claims to the Supreme Court of Virginia, and the state's online appellate court management system indicates that no petition has been filed with the state's highest court.

Accordingly, Bussey's § 2254 petition will be dismissed without prejudice to allow him to continue to pursue state court remedies. A certificate of appealability will be denied, considering that Bussey has not made the requisite showing of a denial of a constitutional right, nor has he shown that reasonable jurists would find the court's procedural ruling to be debatable or wrong. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

A separate Judgment will be entered.

ENTER:   July 22, 2026

/s/  JAMES P. JONES
Senior United States District Judge